**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cindy Jaye,<br><br>                    Plaintiff,<br><br>vs.<br><br>Chris Jaye,<br><br>                    Defendant. | Case No.: 2:14-cv-22-JAD-PAL<br><br>**Order Denying Plaintiff's Motion for Temporary Restraining Order [Doc. 3]** |

    Plaintiff Cindy Jaye has brought an action against Defendant Chris Jaye alleging that Chris has induced his mother, Elaine Jaye, to leave her home in Michigan and move to Las Vegas, where she lives with Chris. Doc. 1. According to Cindy, Chris has induced Elaine, who suffers from dementia, to "sign documents and conduct financial transactions without Elaine's . . . full knowledge and consent." *Id.* at 3. Specifically, Chris allegedly diverted money from The Edward and Elaine Jaye Trust, for which he is a co-trustee, and of which Cindy is a beneficiary. He has also taken out loans secured by real property owned by the trust. These transactions have allowed Chris to fuel his gambling addiction and deplete the trust assets. *See id.* Cindy also claims that Chris subjects Elaine to an allegedly abusive home environment in which Elaine is generally confined at home, insulted, and is not "allow[ed] to walk on the carpet with shoes on." *See id.* at 12.

Cindy has alleged claims for conversion (Count 1), breach of trust (Count 2), self-dealing (Count 3), fraud (Count 4), violation of the Older Americans Act, 42 U.S.C. 3001 *et seq.* (Count 5), and extreme emotional distress (Count 6). *See id.* at 6-14. Federal jurisdiction in this case is premised upon diversity of citizenship, 28 U.S.C. § 1332, and the Court's supplemental jurisdiction, 28 U.S.C. § 1367. The federal action follows Cindy's efforts to have Chris removed as a Elaine's guardian in Nevada State Court, which commenced on August 9, 2013, and Cindy prays for a host of relief from this Court including "a stay on all legal proceedings in the State of Nevada except the issue of changing Eliane's guardian." Doc. 1 at 14.

Cindy moves this Court for a temporary restraining order. Doc. 3. She bases this motion on Chris' purported attempt to sell a "family owned party store locating in Lansing, Michigan," for which Chris has already "accepted an offer to purchase," without regard to whether he has received the best possible price for the subject property. Doc. 3-1 at 2-3. Cindy also claims that Chris' gambling problem has resulted in depletion of the trust corpus to less than $200. *See id.* at 3.

As relief, Cindy requests an Order (1) prohibiting Chris "from authorizing any additional expenditures of trust funds, pending resolution of the issues brought before . . . [the] Court . . . (2) taking out any loans against any of the properties in interest, pending resolution of the case; (3) authorizing the sale of any of the properties in interest, pending resolution of the case; (4) in the event Defendant is able to secure a loan against any of the properties in interest prior to this Motion being granted, . . . requir[ing] the proceeds of such loan be held by a neutral third party, pending resolution of the case; and (5) in the event [Chris] is able to sell any of the properties in interest prior to this Motion being granted . . . requir[ing] the proceeds of any sale to be held by a neutral third party, pending resolution of the case." Doc. 3-1 at 3.

**Discussion**

Federal Rule of Civil Procedure 65(b)(1) states that "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney

only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." *Id.*

Cindy has not demonstrated that notice has been provided to Chris (nor does any evidence of notice appear in the record). Cindy's attorneys have not filed any certification showing that notice has been attempted and failed or that it should be required. And although Cindy argues generally that Chris has already "accepted an offer to purchase the family based party store . . . . without conducting a property assessment to be sure he is getting the best possible price," Doc. 3-1 at 3, she offers nothing to demonstrate that irreparable injury will result to her before Chris can be heard in opposition. Thus, the motion is fatally procedurally deficient under Rule 65(b)(1)(B). *See Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1100 (S.D. Cal. 2012) ("Although the restrictions imposed [by Rule 65(b)] are stringent, they 'reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'") (quoting *Granny Goose Foods, Inc. v. Board of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438-39 (1974)). The Court therefore denies Cindy's motion for a temporary restraining order without prejudice, subject to re-filing a motion that satisfies Rule 65.

## Conclusion

Accordingly, based upon the foregoing reasons and with good cause appearing and no reason for delay,

It is **HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order [Doc. 3] is **DENIED WITHOUT PREJUDICE**.

DATED: January 9, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE